ROBERT HOLDEN SMITH, *ET AL.*, PLAINTIFFS-APPEL-
LANTS, v. THE BOARD OF EDUCATION OF THE BOR-
OUGH OF DEMAREST, A MUNICIPAL CORPORATION
OF THE STATE OF NEW JERSEY, DEFENDANT-RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 21, 1955—Decided April 1, 1955.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. William V. Breslin* argued the cause for the plaintiffs-appellants.

*Mr. Milton T. Lasher* argued the cause for the defendant-respondent (*Mr. Willard B. Knowlton,* attorney).

The opinion of the court was delivered by

FREUND, J. A. D.   The plaintiffs, residents and taxpayers of the Borough of Demarest, Bergen County, instituted this action by complaint in lieu of prerogative writ, to set aside a referendum adopted at a special election held on June 24, 1954, approving the issuance of school bonds in the amount of $290,000 to be used for the construction of additional school facilities.

The plaintiffs charge that at a public hearing on the proposed referendum held by the board of education on June 21, 1954, three days before the special election, certain members and officials of the board were in possession of, but failed to disclose, "important statements and comments from the State Board of Education materially affecting the proposed plan for the new school."

The defendant filed an answer denying the material allegations of the complaint and thereafter gave notice of motion for summary judgment on the ground that there was no

genuine issue of any material fact. In support of this application, the defendant submitted the affidavit of David A. Walker, president of the board of education. In opposition, the plaintiffs presented four affidavits by resident-taxpayers, two of whom are members of the local board of education. After argument, the court entered summary judgment in favor of the defendant, from which this appeal is taken.

The substance of the plaintiffs' charge as gleaned from the affidavits is that at the public hearing held by the board of education, they were not informed that at a conference between representatives of the local board and of the State Board of Education the State Board had raised certain objections to the plans and specifications for the proposed school construction and that they were led to believe that the plans had been tentatively approved except for minor details; further, that Mr. Walker had contrary information which he withheld from those present. In his affidavit, Mr. Walker denied the charges and averred that a letter dated June 18, 1954 addressed to him by the State Board was read at the hearing. From the letter, it appears that, although not by statute or otherwise required to do so prior to the referendum, the local board of education had submitted tentative plans and specifications to the State Board. The letter referred to certain suggested revisions in the plans and concluded with the following sentence:

"As these revisions are of such a nature that the general plan of the building is not affected, there is no reason that the Board of Education should not continue its program of public information and the holding of a referendum on the proposal."

The defendant further averred that at no time did the board of education conceal from the public any material fact bearing upon the proposed new school facilities. The plaintiffs do not specifically deny the statement in Mr. Walker's affidavit that the letter was read at the hearing, but the contention that the letter was not read may be implied, particularly from the affidavits of the two members of the board

of education, which state that "at no time was the fact that the State authorities had raised serious objections and that the said plans and specifications were not in compliance with the State Building Code concerning the construction of schools made known to the people attending said hearing."

Clearly, the affidavits of the respective parties are in sharp conflict and raise an issue of fact as to whether or not the contents of the letter of the State Board were made known at the hearing. However, this issue is not an issue of material fact which would affect the validity of the referendum voted upon at the special election. *R. R.* 4:58–3. *Cf. Judson v. Peoples Bank and Trust Co. of Westfield*, 17 *N. J.* 67 (1954). The immateriality of any presentation to the hearing of the State Board's recommendations is evidenced by the fact that the building plans need not theretofore have been submitted to the board.

The purpose of the referendum was to authorize the issuance of bonds to finance the construction of proposed school facilities, and it was presented to the voters and voted upon in strict compliance with statutory requirements, *N. J. S. A.* 18:5–86. Indeed, the plaintiffs' affidavits do not challenge the statutory sufficiency of the bond proceedings and the referendum—their attack pertains solely to the failure of the board of education to disclose suggested changes in the proposed plans and specifications. Assuming *arguendo* such failure, it would not in any wise impair or affect the authority which the voters vested in the board of education to issue bonds to finance additional school facilities.

Moreover, the public interest in the construction of school facilities is amply protected by the statute, *R. S.* 18:11–8, which provides that "no contract for the erection of any public school building * * * shall be made until and after plans and specifications therefor have been submitted to and approved by the state board of education." It further provides that any change in such plans and specifications shall also have the approval of the State Board. In this instance, no contract for construction has been entered into,

the plans and specifications have been submitted to the State Board as doubtless will be such changes as were recommended by it.

The appellants' argument that the failure to make full disclosure to the public of all facts within the knowledge of the local board of education voids the referendum is based upon the ruling in *Driscoll v. Burlington-Bristol Bridge Co.*, 8 *N. J.* 433 (1952). That case charged a public body with fraud, lack of independent investigation and subservience to interested parties. Not one of those elements is here charged, let alone proved.

The summary judgment heretofore entered is affirmed.